RICHARD B. ROCK, Respondent, *v.* JAMES D. WHITE and Others, Appellants.

*Admission of improper evidence — error cured by striking it out.*

An error in the admission of evidence, upon the trial of an action, may be cured where the testimony is stricken out before the case is submitted to the jury.

APPEAL by the defendants, James D. White and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 16th day of May, 1894, upon the verdict of a jury rendered after a trial at the Albany Circuit, with notice of an intention to bring up for review, upon such appeal, an order entered in said clerk's office on the 15th day of May, 1894, denying the defendants' motion for a new trial made upon the minutes.

*Winfield S. Hevenor,* for the appellants.

*Robert G. Scherer,* for the respondent.

PUTNAM, P. J.:

The questions raised by the pleadings in this case as to whether plaintiff was prevented by unfavorable weather from filling the ice house of defendants, or whether he was slow and negligent in the performance of the contract between the parties, was fairly submitted to the jury by the learned trial court.

On the questions of fact, thus submitted, there was conflicting evidence, and the verdict of the jury cannot be properly disturbed.

The error, if any, in admitting in evidence the resolution of the common council of the city of Albany was cured by the striking out of such evidence on the motion of the defendants. (*Pettee* v. *Pettee,* 77 Hun, 595.)

If the refusal of the trial court to charge that if 1,100 tons of the ice placed in plaintiff's ice house came from the district specified in the contract plaintiff was bound, unless prevented by defendants, to place the same in defendants' ice house, as requested, was an error ; such error was subsequently cured by the court's substantially charging as thus requested. Besides there was evidence tending to show that plaintiff had harvested large quantities of ice outside of the district described in the contract and placed the same in defendants' ice house, defendants consenting. If the amount so harvested was equal to the amount taken from the district specified in the contract and placed in plaintiff's ice house defendants were not injured.

We have examined the various other exceptions to the rulings of the learned trial judge in the reception of evidence and to his charge or refusals to charge, and are of opinion that none of said exceptions requires discussion or necessitate a reversal of the judgment.

HERRICK and STOVER, JJ., concurred.

Judgment affirmed with costs.